George Haines, Esq.
Nevada Bar No. 9411
Freedom Law Firm
8985 S. Eastern Avenue, Ste. 350
Beltway Corporate Center
Las Vegas, NV 89123
Telephone No: (702) 880-5554
ghaines@freedomlegalteam.com
*Counsel for Plaintiff*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re ALFONSO NIETO | Bank. Case No. 20-13031-MKN |
| | Chapter 13 |
| ALFONSO NIETO, | : |
| | : |
| Plaintiffs, | : Adv. Proc. No.: 20-01097-MKN |
| v. | : |
| | : |
| SANAM LIMITED; FRANKLIN CREDIT MANAGEMENT CORPORATION; DEUTSCHE BANK NATIONAL TRUST COMPANY, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 AND SABLES, LLC; | : **FIRST AMENDED ADVERSARY** : **COMPLAINT** : |
| Defendants. | |

For this Complaint, the Plaintiff, ALFONSO NIETO, by undersigned

counsel, states as follows:

1

*(vertical left margin)* FREEDOM LAW FIRM, LLC

## PARTIES, JURISDICTION AND VENUE

1.     Plaintiff Alfonso Nieto ("Plaintiff" or "Alfonso") is an individual and the Debtor in the Chapter 13 Bankruptcy Case filed in the District of Nevada bearing case number 20-13031.  Plaintiff can be served with process via mail sent to his attorney of record, George Haines, Esq., Freedom Law Firm, LLC, 8985 South Eastern Ave., Suite 350, Las Vegas, NV 89123.

2.     Alfonso owned a property located at: 6033 Watermelon Street, North Las Vegas, NV 89081 (the "Property").

3.     Defendant Sanam Limited is a domestic limited liability company that formed on May 21, 2020.  Sanam has not named a registered agent in its filings with Nevada Secretary of State.  The alleged address of Sanam Limited ("Sanam") registered agent is: 2218 Buccaneer Boulevard, Henderson, NV 89074.

4.     However, this alleged address does not exist in Henderson, NV.

5.     Sanam is allegedly managed by the Sanam Management Trust ("Sanam Trust") located at: 2340 Paseo Del Prado, Building D, Suite 305, Las Vegas, NV 89102.

6.     The address for the Sanam Trust is actually the address for The Wright Law Group, PC ("Wright Law").

2

FREDOM LAW FIRM, LLC

7.      Wright Law has claimed it has no knowledge or association with the Sanam Trust.

8.      Bosco Credit II Trust Series 2010-1 ("Bosco") is a Delaware statutory trust and was the beneficiary of the second mortgage note on the Property. Bosco's registered agent is Deutsche Bank Trust Company of Delaware.

9.      Deutsche Bank National Trust Company ("Deutsche Bank) is a certificate trustee on behalf of Bosco.

10.     Franklin Credit Management Corporation (Franklin") is a foreign corporation organized under the laws of New Jersey and is licensed to do business in Nevada.  Franklin was the servicer on the second loan held by Bosco.

11.     Defendants Bosco, Deutsche Bank and Franklin are foreign corporations, partnerships, or other unincorporated associations, and, therefore, service may be affected pursuant to Fed.R.Bankr.P.7004(b)(3).

12.     Franklin Credit Management Corporation (Franklin") is a foreign corporation organized under the laws of New Jersey and is licensed to do business in Nevada.  Franklin was the servicer on the second loan held by Bosco.

3

FREDOM LAW FIRM, LLC

13.     Defendants are corporations, partnerships, or other unincorporated associations, and, therefore, service may be affected pursuant to Fed.R.Bankr.P.7004(b)(3).

14.     Bosco may be served by mailing, first class, a copy of the summons and complaint to: Deutsche Bank Trust Company Delaware at 1011 Centre Road, Ste 200, Wilmington, DE 51266 and to the attention of an officer, managing general agent, or to any other agent authorized by appointment of law.

15.     Deutsche Bank may be served by mailing, first class, a copy of the summons and complaint to: 300 South Grand Avenue 41st Floor, Los Angeles, CA 90071 and to the attention of an officer, managing general agent, or to any other agent authorized by appointment of law.

16.     Franklin may be served by mailing, first class, a copy of the summons and complaint to: Corporation Service Company, 112 North Curry Street, Carson City, NV 89703 and to the attention of an officer, managing general agent, or to any other agent authorized by appointment of law.

17.     Sables, LLC ("Sable"s) may be served by mailing, first class, a copy of the summons and complaint to: Shadd A. Wade, 9435 W. Russel Road, Suite 120, Las Vegas, NV 89148 and to the attention of an officer,

4

FREDOM LAW FIRM, LLC

managing general agent, or to any other agent authorized by appointment of law.

18.    Sanam may be served by mailing, first class, a copy of the summons and complaint to: 2218 Buccaneer Boulevard, Henderson, NV 89074 and to the attention of an officer, managing general agent, or to any other agent authorized by appointment of law.

19.    Sables, LLC (Sables) is a domestic limited liability company.

20.    Upon information and belief, Sables was the duly appointed trustee retained by Franklin to conduct the foreclosure sale on the Property.

21.    Non-Party Select Portfolio Servicing, Inc. ("SPS") services the first mortgage on the Property.

22.    Non-party U.S. Bank National Association, as Trustee for MASTR Asset Backed Securities Trust 2006-WMC4, Mortgage Pass-Through Certificates, Series 2006-WMC4 ("U.S. Bank) is the current beneficiary of the first mortgage on the Property.

23.    SPS filed Claim No. 5 on behalf of U.S. Bank in Alfonso's Chapter 13 case on July 10, 2020.

24.    This action is a core proceeding pursuant to 28 U.S.C. § 157(b) as this is a matter that arises in and is related to the Bankruptcy. This adversary

case involves, *inter alia*, "matters concerning the administration of the estate," the "allowance or disallowance of claims against the estate," and "other proceedings affecting the liquidation of the assets of the estate." *See*, 28 U.S.C. § 157(b)(2)(A), 157(b)(2)(B), and 157(b)(2)(O), respectively.

25.    This adversary case also involves claims that are otherwise related to a case under Title 11—the Bankruptcy—and this Court has jurisdiction of those claims pursuant to 28 U.S.C. § 157(c)(1).

26.    Plaintiff consents to the entry of a final order in this proceeding by this Court.

27.    This Court has supplemental jurisdiction to hear any state law statutory and common law claims that may arise pursuant to 28 U.S.C. § 1367.

28.    Venue in this District is proper under 28 U.S.C. §§ 1391(b), 1408, and 1409. Plaintiff has resided in this District for over One Hundred Eighty (180) days preceding the commencement of this action, Plaintiff filed the Bankruptcy in this District, the Bankruptcy is pending in this District, Defendants conduct business within this District, and engaged in the conduct complained of occurred within this District.

## **RELEVANT FACTS**

6

29.    Alfonso purchased the Property in June 2006. He purchased the Property by taking out first and second mortgage notes with WMC Mortgage Corporation.

30.    On December 8, 2015, MERS filed an assignment transferring the first note to US Bank. (See copy of Clark County Recorder Site attached hereto as Exhibit "A").

31.    On June 5, 2019, an assignment was filed transferring the second note to Deutsche Bank. (See Exhibit "A").

32.    At the time of the assignment of the second mortgage, Alfonso was behind on his second mortgage payments.

33.    In 2019, Plaintiff started to have health problems, which started to affect his business and ability to earn income. Plaintiff started falling further behind on his first and second mortgages at that time.

34.    On October 18, 2019, Sables filed a Notice of Breach and Default and of Election to Sell the Real Property Under Deed of Trust ("Notice of Default") with the Clark County Recorder's Office alleging that there was default regarding the second mortgage note and the amount outstanding on the second note was $8,732.58. (See Notice of Default attached hereto as

7

Exhibit "B").

35.    The Notice of Default was never posted in a conspicuous place on the Property or property.

36.    In addition, the Notice of Default was not mailed or served on SPS or US Bank.

37.    Sables then filed a Notice of Trustee's Sale with the Clark County Recorder's Office on February 13, 2020, regarding the second mortgage note.   (See Notice of Trustee Sale attached hereto as Exhibit "C").

38.    The Notice of Trustee's Sale was also never posted in a conspicuous place on the Property or property nor was it served on SPS or US Bank.

39.    Despite COVID-19, and the failures to comply with the requirements regarding Nevada Trustee's Sales set for under NRS 107.080, et seq., Alfonso's Property was sold on May 21, 2020, to Sanam for $40,000 even though the Notice of Trustee's Sale listed an estimated sale amount of $64,036.25.

40.    Not coincidentally, Sanam was formed the same day that Alfonso's Property was sold – May 21, 2020.

8

41.     On June 24, 2020, Alfonso filed a Chapter 13 in the District of Nevada bearing case number 20-13031. (See ECF No. 1).

42.     Alfonso listed Sanam and Sanam Trust in his Chapter 13 Bankruptcy Scheduled.  (See ECF No. 1).

43.     However, despite being listed in Alfonso's Chapter 13 Bankruptcy, Sanam served Alfonso with its First Three-Day Notice to Quit Following Sale ("First Notice to Quit) dated July 2, 2020.  (See copy of Three-Day Notice to Quit Following Sale dated July 2, 2020 attached as Exhibit "D").

44.     In addition, Sanam disregarded Governor Steve Sisolak's Declaration of Emergency Directive 008 ("Directive 008") issued on March 29, 2020.  Directive 008 clearly stated: "No lockout, notice to vacate, notice to pay or quit, eviction, foreclosure action, or other proceeding involving residential or commercial real estate based upon a tenant or mortgagee's default of any contractual obligations imposed by a rental agreement or mortgage may be initiated under any provision of Nevada law effective March 29, 2020, at 11:59 p.m., until the state of emergency under the March 12, 2020 Declaration of Emergency terminates, expires, or this Directive is rescinded

by order of the Governor." (See copy of Governor Steve Sisolak's Declaration of Emergency Directive 008 attached hereto as Exhibit "E").

45. Governor Sisolak did not amend Directive 008 until he issued Declaration of Emergency Directive 025 ("Directive 025") on June 25, 2020. Directive 025 stated that certain summary evictions could be initiated or re-initiated effective **July 31, 2020 (emphasis added).** (See copy of Governor Steve Sisolak's Declaration of Emergency Directive 025 attached hereto as Exhibit "F").

46. Sanam clearly violated Governor's Sisolak Emergency Directive 008 and 025.

47. On July 6, 2020, Alfonso's attorneys[1] contacted the Law Office of Andrew Pastwick. At that time, Alfonso's attorney, George Haines, informed Mr. Pastwick that Alfonso had filed a Chapter 13 Bankruptcy.

48. On July 20, 2020, George Haines sent Mr. Pastwick an email again discussing Alfonso' bankruptcy.

---

[1] Freedom Law Firm, LLC.

10

FREDOM LAW FIRM, LLC

49.     On July 22, 2020, a Trustee Deed was finally recorded on the Property.  The Trustee Deed was filed over 3-months after the Trustee Sale took place.

50.     On August 10, 2020, Sanam served Alfonso Second Three-Day Notice to Quit Following Sale ("Second Notice to Quit) dated August 10, 2020.  (See copy of Three-Day Notice to Quit Following Sale dated August 10, 2020 attached as Exhibit "G").

51.     Sanam has never filed a motion for relief from stay allowing it to proceed with an eviction against Alfonso and his famly.

52.     Sanam has also never attempted to pay the first mortgage on the Property.  In fact, based upon information and belief, Sanam has never contacted US Bank or SPS regarding the first mortgage note on Alfonso's Property.

53.     Also, since Sanam has presumably intentionally listed incorrect addresses with the Nevada Secretary of State, Sanam has no intention of ever making a payment on the first mortgage note.

54.     Sanam was formed in violation of NRS 77.310 as it is fake entity that has no named registered agent.  In addition, the address of its unnamed registered agent is a fake address that does not exist.

11

FREDOM LAW FIRM, LLC

55.     Sanam lists that its registered agent is located at: 2218 Buccaneer Boulevard, Henderson, NV 89074.  However, when the Plaintiff attempted to serve his Adversary Complaint to Sanam at this address, the proof mailing was returned as unable to deliver or forward.  (See Id.).

56.     Sanam was also formed in violation of NRS 88.161 as this fake entity is allegedly managed by Sanam Management Trust.  Pursuant to NRS 88.161(d), the Sanam Management Trust must list its address in the articles of organization.

57.     Sanam Management Trust claims that it is located at the following address: 2340 Paseo Del Prado, Building D, Suite 305, Las Vegas, NV 89102.  Sanam Management Trust is not located at this address.

58.     The Wright Law Group, P.C. is located at this address and John Wright, Esq.[2] has no knowledge of the Sanam Management Trust.

59.     When the Plaintiff attempted serve his Adversary Complaint to Sanam at this address, the proof mailing was returned as unable to deliver or forward.

---

[2] John Wright is the owner of The Wright Law Group, P.C.

60.     Sanam has also allegedly has been or still is represented by Patrick Driscoll, Esq. and Andrew H. Pastwick, Esq. However, neither Mr. Driscoll or Mr. Pastwick were given authority to accept service on behalf of Sanam.

61.     Sanam is a fake entity, which cannot take title to real or to personal property, acquire rights by contract or otherwise, incur debts or other liabilities either in contract or tort, sue or be sued.  Sanam cannot legally own property because it does not exist.   Therefore, the Plaintiff still has legal ownership of the Property.

## COUNT ONE
**VIOLATION OF SECTION 362 TITLE 11 OF THE UNITED STATES CODE**
**(AS TO DEFENDANT SANAM)**

62.     Plaintiff hereby incorporates all allegations contained in paragraphs 1 through 61 above as fully stated herein.

63.     Sanam's had knowledge of Alfonso's Chapter 13 Bankruptcy and still served him with First Notice to Quit on July 2, 2020 and Second Notice to Quit on August 10, 2020.

13

FREDOM LAW FIRM, LLC

64.     Sanam's actions were willful and done intentionally, knowing that Alfonso had filed bankruptcy, and in complete defiance of the Bankruptcy laws.  11 U.S.C. § 362(a) specifically states as follows:

> Except as provided in subsection (b) of this section, a petition filed under §301, §302 or §303 of this title, or an application filed Under section 5(a) (3) of the Securities Investor Protection Act of 1970 (15 U.S.C. §78eee(a)(3), operates as a stay, applicable to all entities, of…

> (1)the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title…

> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

65.     Pursuant to 11 U.S.C. §362(c) "The stay of an act against property of the estate under subsection (a) of this section continues until such

14

property is no longer property of the estate" and "the stay of any other act . . . continues until the earliest of—(A) the time the case is closed; (B) the time the case is dismissed; or (C) . . . the time a discharge is granted or denied."

66.     Further, 11 U.S.C. § 362(k) provides that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and…punitive damages."

## COUNT TWO

### INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS
### (AS TO DEFENDANT - SANAM)

67.     Plaintiff hereby incorporates all allegations contained in paragraphs 1 through 62 above as fully stated herein.

68.     Sanam knows there is first note on the Property between Plaintiff and US Bank.

69.     Pursuant to NRS 86.231, a limited liability company in Nevada shall have a registered agent with a valid street address for service of process.

70.     Sanam left the name of its registered agent blank with Nevada Secretary of State ("NSOS").  (See copy of Sanam entity information attached hereto as Exhibit "H").

15

71. The address of Sanam's unknown registered agent filed with the NSOS also has an incorrect address. (See Exhibit "H").

72. Sanam has purchased the Property with no intention of paying on the first note nor has Sanam attempted to assume the first note[3].

73. Unless Alfonso can recover the Property, US Bank's only remedy will be to foreclose on Alfonso.

74. For its part, Sanam has purposefully made foreclosing on the Property very time-consuming and difficult because it has an unknown registered agent with an incorrect address.

75. Sanam has also clearly failed to comply with NRS 86.231 and in doing so has wrongfully interfered with the contractual relationship between Alfonso and US Bank.

---

[3] Sanam would likely have to pay an assumption fee of $2,472.00 to assume the first mortgage note.

16

**COUNT THREE**

**FAILURE TO COMPLY WITH NRS 107.087**

**(AS TO DEFENDANT – FRANKLIN)**

76.   Plaintiff hereby incorporates all allegations contained in paragraphs 1 through 71 above as fully stated herein.

77.   Pursuant to NRS 107.087 section 1(a)(1-2), the power of sale must not be exercised, however, until:

   1.   In addition to the requirements of NRS 107.080, if the sale of property is a residential foreclosure, a copy of the notice of default and election to sell and the notice of sale must:
      (a) Be posted in a conspicuous place on the property not later than:
         (1) For a notice of default and election to sell, 100 days before the date of sale;
         (2) For a notice of sale, 15 days before the date of sale….

78.   Neither the Notice of Default nor the Notice of Sale was posted in conspicuous plan on Alfonso's property.

79.   The Notice of Default and Notice of Sale, therefore, are invalid and Alfonso is entitled to an Order that the Notice be rescinded and to take such further action as may be required to clear the title on Alfonso's Property.

80.   It has been necessary for Alfonso to retain the services of attorneys to prosecute this action and therefore he is entitled to recover

17

reasonable attorney's fees and costs incurred in accordance with the law, including, without limitation, as special damages.

## COUNT FOUR

**DECLARATORY JUDGMENT/QUITE TITLE**

**(AS TO DEFENDANT – SANAM)**

81.   Plaintiff hereby incorporates all allegations contained in paragraphs 1 through 76 above as fully stated herein.

82.    Plaintiff alleges that Defendant Sanam is a fictitious entity and the Trustee Deed Upon Sale granted and conveyed to Sanam regarding the Property is void.

83.    A cloud now exists to the title to the Property.

84.   Plaintiff is entitled by equity to seek a determination by this Court as to the rights and obligations of the parties regarding the ownership of the Property

85.   Plaintiff is entitled by NRS 40.010 to seek a determination by this Court as the rights and obligations of the parties regarding the ownership of the Property.

86.    Plaintiff is entitled to a declaratory judgment that quiets title in the Property and revests title of the Property in Plaintiff's name.

87.    Plaintiff is entitled to an award of attorneys' fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Alfonso Nieto, through counsel, prays for the entry of judgment in their favor and against SANAM LIMITED; and FRANKLIN CREDIT MANAGEMENT CORPORATION as follows:

A.    A finding that Sanam violated 11 U.S.C. § 362 in Count One;

B.    For an award of actual damages and punitive damages against Sanam as to Count One;

C.    A finding that Sanam intentionally interefered with the contractual relationship between Alfonso and US Bank;

D.    For an award of actual damages and punitive and punitive damages against Sanam as to Count Two;

E.    For an award of statutory damages against Franklin in the amount of Five Thousand Dollars ($5,000) or treble the amount of actual damages, whichever is greater for violating NRS 107.080 as alleged in Count Three;

F.    A declaratory judgment that quiets title in the Property and revests title of the Property in Plaintiff's name as alleged in Count Four;

19

G.    An injunction enjoining all Defendants from any further actions to remove Alfonso from his Property;

H.    For an award of all attorneys' fees as to all Counts;

I.    A request to convert the Order to a final judgment subject to execution under FRBP 7069; and

J.    Any other legal or equitable relief that the court deems appropriate.

Dated: March 3, 2021

Respectfully submitted,
By:/s/George Haines, Esq.
George Haines, Esq.
Nevada Bar No.:9411
Freedom Law Firm
8985 South Eastern Ave., Suite 350
Las Vegas, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: info@freedomlegalteam.com

FREEDOM LAW FIRM, LLC