# EXHIBIT "A"

Home (/AcclaimWeb/) > Search (/AcclaimWeb/Search) > Search By Parcel (/AcclaimWeb/Search/SearchByParcel)

## Parcel #

| | |
|---|---|
| Parcel # | 123-30-610-026 |
| Parcel # | Exact |
| Date Range | Specific Date Range |
| From Date | 04/03/1905 |
| To Date | 08/17/2020 |
| | Select DocTypes... |
| Document Type | Document Type Groups |

## Help

**Parcel Number**
Parcel #: Enter the specific legal parcel, such as 176-15-301-024
Parcel #: Use this to either begin your Search with "Starts With", "Contains", or is an "Exact" match of your entry.
**Date Range**
You can choose a specific recording date range or choose from pre-selected date ranges to narrow your search.
**Document Type**
Limit your search by specific types of documents, or by groups of similar document types.
**Search by Address**
To search by address, please click here: Assessor Search
(https://maps.clarkcountynv.gov/assessor/AssessorParcelDetail/site.aspx)

I'm not a robot    reCAPTCHA
Privacy - Terms

Reset    Search

Export to CSV

|◁ ◁ 1 ▷ ▷|    20 ▾ items per page    1 - 14 of 14 items ↻

| Record (/A... | Parcel # (/Acclaim... | First Party... | First Cros... | #... | Instru... | D... | M... | Recor... | Legal Description (/Ac... |
|---|---|---|---|---|---|---|---|---|---|
| Add To Cart | 123-30-610-026 | SABLES LLC | SANAM LIMITED | 3 | 20200722... | TRUS... DEED | | 07/22/2020 11:55:56 AM | |
| Add To Cart | 123-30-610-026 | NIETO, ALFONSO | SABLES LLC | 2 | 20200213... | NOTICE OF TRUSTEE SALE | | 02/13/2020 11:40:30 AM | |
| Add To Cart | 123-30-610-026 | NIETO, ALFONSO | SABLES LLC | 2 | 20200130... | CERTI... FORECLO MEDIATIO NEVADA | | 01/30/2020 1:55:40 PM | |
| Add To Cart | 123-30-610-026 | US BANK NATIONAL EE | MTC FINANCIAL INC | 2 | 20191202... | SUBS... | TRUS... | 12/02/2019 1:8:16 PM | |
| Add To Cart | 123-30-610-026 | NIETO, ALFONSO | SABLES LLC | 6 | 20191018... | BREA... & ELECTION TO SELL | | 10/18/2019 1:46:13 PM | |
| Add To Cart | 123-30-610-026 | DEUTSCHE BANK NATIONAL TRUST COMPANY | SABLES LLC | 1 | 20190626... | SUBS... | TRUS... | 06/26/2019 12:12:23 PM | |
| Add To Cart | 123-30-610-026 | NIETO, ALFONSO | DEUTSCHE BANK NATIONAL TRUST COMPANY | 1 | 20190605... | ASSIG... | | 06/05/2019 2:12:26 PM | |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Add To Cart | 123-30-610-026 | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | US BANK NATIONAL ASSOCIATION EE | 1 | 20151208... | ASSIG... | 12/08/2015 1:18:28 PM | |
| Add To Cart | 123-30-610-026 | WMC MORTGAGE CORP | US BANK NATIONAL ASSOCIATION EE | 2 | 20150423... | REQU... NOTICE | 04/23/2015 9:15:53 AM | |
| Add To Cart | 123-30-610-026 | NIETO, ALFONSO | WMC MORTGAGE CORP | 14 | 20060628... | DEED OF TRUST | 06/28/2006 3:30:55 PM | APN 123-30-610-026 |
| Add To Cart | 123-30-610-026 | NIETO, ALFONSO | WMC MORTGAGE CORP | 22 | 20060628... | DEED OF TRUST | 06/28/2006 3:30:55 PM | APN 123-30-610-026 |
| Add To Cart | 123-30-610-026 | US HOME CORPORATION | NIETO, ALFONSO | 6 | 20060628... | DEED | 06/28/2006 3:30:55 PM | APN 123-30-610-026 |
| Add To Cart | 123-30-610-026 | US HOME CORPORATION | US HOME CORPORATION | 3 | 20060628... | NOTICE   COMP... | 06/28/2006 3:30:55 PM | APN 123-30-610-026 TROPICAL WALNUT 26 ADD WATERMEL 6033 |
| Add To Cart | 123-30-610-026 | GMAC MODEL HOME FINANCE INC | US HOME CORPORATION INC | 4 | 20050621... | DEED | 06/21/2005 9:5:54 AM | APN 123-30-610-026 |

| ◄ | ◄ | 1 | ► | ►| | 20 | ▼ | items per page | 1 - 14 of 14 items   (/Accl |

Acclaim Copyright 1999 - 2020. Harris Recording Solutions. All Rights Reserved.

Privacy - Terms

# EXHIBIT "B"

Inst #: 20191018-0002096
$290.00
18/2019 01:40:13 PM
Receipt #: 75030
Requestor:
WFG NATIONAL TITLE INSURANC
Recorded By: MIDO   Pgs: 8
**DEBBIE CONWAY**
CLARK COUNTY RECORDER
Src: ERECORD
Ofc: ERECORD

**WFG National-Default Services**
APN: 123-30-610-026

WHEN RECORDED MAIL TO:
Sables, LLC
c/o ZBS Law, LLP
9435 West Russell Road, Suite 120
Las Vegas, Nevada 89148

*19-286654*

TS No. : 19-57010

## NOTICE OF BREACH AND DEFAULT AND OF ELECTION TO SELL THE REAL PROPERTY UNDER DEED OF TRUST

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five (5) business day prior to the date set for the sale of your property pursuant to NRS 107.080. No sale date may be set until three months from the date this Notice of Default may be recorded (which date of recordation appears on this notice). This amount is **$8,732.58** as of **10/17/2019** and will increase until your account becomes current.

**NOTICE IS HEREBY GIVEN THAT: SABLES, LLC, a Nevada limited liability company** is either the original trustee, or the duly appointed substituted Trustee, or acting as agent for the Trustee or the Beneficiary under a under a Deed of Trust dated **6/22/2006**, executed by **ALFONSO NIETO, A SINGLE MAN,** as trustor to secure obligations in favor of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR WMC MORTGAGE CORP., ITS SUCCESSORS AND ASSIGNS,** as Beneficiary, recorded 6/28/2006, **as Instrument No. 20060628-0004342,** of Official Records in the office of the County recorder of **Clark,** County, **Nevada** securing, among other obligations including

One note(s) for the Original sum of **$61,800.00,** that the beneficial interest under such Deed of Trust and the obligations secured hereby are presently held by Beneficiary; that a breach of and default in the obligations for which such Deed of Trust is security has occurred or that payment has not been made of:

**The monthly installment of principal and interest which became due on 11/1/2018, late charges, and all subsequent monthly installments of principal and interest.**

**You are responsible to pay all payments and charges due under the terms and conditions of the loan documents which come due subsequent to the date of this notice, including, but not limited to, foreclosure trustee fees and costs, advances and late charges.**

**Furthermore, as a condition to bring your account in good standing, you must provide the undersigned with written proof that you are not in default on any senior encumbrance and provide proof of insurance.**

**Nothing in this notice of default should be construed as a waiver of any fees owing to the beneficiary under the deed of trust, pursuant to the terms and provisions of the loan documents.**

T.S. No.: 19-57010

That by reason thereof the present Beneficiary under such deed of Trust has executed and delivered to said duly appointed Trustee a written Declaration of Default and Demand for Sale and has deposited with said duly appointed Trustee such Deed of Trust and all documents evidencing obligations secured thereby and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

## NOTICE

You may have the right to cure the default hereon and reinstate the one obligation secured by such Deed of Trust above described. Section NRS 107.080 permits certain defaults to be cured upon the Payment of the amounts required by that statutory section without requiring payment of that portion of principal and interest which would not be due had no default occurred. As to owner occupied property, where reinstatement is possible, the time to reinstate may be extended to 5 days prior to the date of sale pursuant to NRS 107.080. The Trustor may have the right to bring a court action to assert the nonexistence of a default or any other defense of Trustor to acceleration and Sale.

**To determine if reinstatement is possible and the amount, if any, to cure the default, contact:**

Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1
c/o Franklin Credit Management Corporation
c/o SABLES, LLC, a Nevada limited liability company
9435 West Russell Road, Suite 120
Las Vegas, NV 89148
Beneficiary Phone: (800)255-5897
Trustee Phone: (702) 664-1774

To reach a person with authority to negotiate a loan modification on behalf of the lender:

Loss Mitigation
1-800-255-5897

Property Address: **6033 WATERMELON STREET, NORTH LAS VEGAS, Nevada 89081**

If you have any questions, you should contact a lawyer or the governmental agency that may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.
**REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

Attached hereto and incorporated herein by reference is the Affidavit of Authority in Support of Notice of Default and Election to Sell pursuant to NRS 107.080.

You may wish to consult a credit counseling agency to assist you. The Department of Housing and Urban Development (HUD) can provide you with names and addresses of local HUD approved counseling agency by calling their approved Local Housing Counseling Agency toll free number: (800) 569-4287 or you can go to HUD's website: http://portal.hud.gov.

T.S. No.: 19-57010

This office is enforcing a security interest of your creditor. To the extent that your obligation has been discharged by a bankruptcy court or is subject to an automatic stay of bankruptcy, this notice is for informational purposes only and does not constitute a demand for payment or any attempt to collect such obligation.

Dated: 10/17/2019

SABLES, LLC, a Nevada limited liability company, as Trustee
Sables, LLC
c/o ZBS Law, LLP
9435 West Russell Road, Suite 120
Las Vegas, NV 89148
Phone: (702) 948-8565

_____
Rick Mroczek, Trustee Sale Officer

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of  CALIFORNIA
County of  ORANGE

On 10/17/2019, before me, Laura M. Soza, Notary Public, personally appeared Rick Mroczek who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

_____
Signature of Notary

LAURA M. SOZA
Notary Public – California
Orange County
Commission # 2192491
My Comm. Expires Apr 20, 2021

# Affidavit of Authority
(Nevada Revised Statute §107.0805 as amended effective June 1, 2013)

Re:   TS#   19-57010
Borrower Name:   **ALFONSO NIETO**
Property Address:   **6033 WATERMELON STREET**
                                  **NORTH LAS VEGAS, Nevada 89081**

I, _Ryan Boyle_ , am the _Foreclosure Analyst_ of **Franklin Credit Management Corporation,** the current servicer for the beneficiary of the deed of trust described in the notice of default and election to sell to which this affidavit is attached ("Deed of Trust"). The following facts are based upon my personal review of documents that are of public record in the State of Nevada and personal knowledge acquired by my personal review of the business records of the beneficiary, which are within my custody and control. The business records of the beneficiary contain entries made in the ordinary course of business at or about the time the events reflected therein occurred.

1(a).    The full name and business address of the current trustee of record for the Deed of Trust is **Sables LLC, a Nevada Limited Liability Company, 9435 West Russell Road, Suite 120 Las Vegas, NV 89148**

1(b).  The full name and business address of the current holder of the Note secured by the Deed of Trust is **Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1, c/o Franklin Credit Management Corporation - 101 Hudson Street 25th Floor Jersey City, NJ 07302**

1(c).  The full name and business address of the current beneficiary for the obligation or debt secured by the Deed of Trust is **Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1, c/o Franklin Credit Management Corporation - 101 Hudson Street 25th Floor Jersey City, NJ 07302**

1(d).  The full name and business address of the current servicer for the obligation secured by the Deed of Trust is **Franklin Credit Management Corporation, 101 Hudson Street, 25th Floor, Jersey City, NJ 07302**

2.    From my review of the documents of public record and the business records of the current beneficiary and a title guaranty or title insurance issued by a title insurer or title agent authorized to do business in this State pursuant to Chapter 692A of the NRS, the name of each assignee and each recorded assignment of the Deed of Trust.

| | |
|---|---|
| **Recorded On Date:** | 6/5/2019 |
| **Instrument Number:** | 20190605-0002589 |
| **Assign From:** | Mortgage Electronic Registration Systems, Inc. |
| **Assign To:** | Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 |

3.    The current beneficiary under the Deed of Trust, the successor in interest of the beneficiary or the trustee is in actual or constructive possession of the note secured by the Deed of Trust.

4.    From my review of the documents of public record and the business records of the current beneficiary, the current trustee has authority to exercise the power of sale with respect to the property encumbered by the Deed of Trust, pursuant to instruction from the current beneficiary of record and current holder of the note secured by the Deed of Trust.

5.    From my review of the documents of public record and the business records of the current beneficiary, the beneficiary, servicer of the obligation, or an attorney of the beneficiary or servicer has sent

1

to ALFONSO NIETO, a written statement of: (I) the amount of payment required to make good the deficiency in performance of payment, avoid the exercise of the power of sale and reinstate the terms and conditions of the underlying obligation or debt existing before the deficiency in performance or payment, as of the date of the statement; (II) the amount in default; (III) the principal amount of the obligation or debt secured by the deed of trust; (IV) the amount of accrued interest and late charges; (V) a good faith estimate of all fees imposed in connection with the power of sale; and (VI) contact information for obtaining the most current amounts due and the local or toll-free telephone number that ALFONSO NIETO may call to receive the most current amounts due and a recitation of the information in this affidavit.

6.      The borrower or obligor of the loan secured by the Deed of Trust may call Franklin Credit Management Corporation at (800)255-5897 to receive the most current amounts due and a recitation of the information contained in this Affidavit.

I declare under penalty of perjury of the laws of the State of Nevada that the foregoing is true and correct and that this Affidavit was executed on  July 10th, 2019  .

Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1
By:      Franklin Credit Management Corporation, its servicer

Ryan Boyle
(Print Name)

Ryan Boyle
(Signature)

Foreclosure Analyst
(Title)

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of  New Jersey

County of  Hudson

On  7/10/19  before me,  Gregory Anderson  , Notary Public, personally appeared,  Ryan Boyle  , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.                                     [Notary Seal]

Signature

Affidavit of Authority to Exercise the Power of Sale
Revised 6/1/2013

2


GREGORY ANDERSON
NOTARY PUBLIC OF NEW JERSEY
ID # 50087614
MY COMMISSION EXPIRES 08/13/2023

# Declaration of Mortgage Servicer
## Pursuant to NR 107.510

| | |
|---|---|
| T.S. Number: | 19-57010 |
| Borrower(s): | ALFONSO NIETO |
| Mortgage Servicer: | Franklin Credit Management Corporation |
| Property Address: | 6033 WATERMELON STREET<br>NORTH LAS VEGAS, Nevada 89081 |

The undersigned, as an authorized agent or employee of the mortgage servicer named below, declares that:

1. ☐ The mortgage servicer has contacted the borrower pursuant to NRS 107.510 (2), to "assess the borrower's financial situation and to explore options for the borrower to avoid a foreclosure sale". Thirty (30) days, or more, have passed since the initial contact was made.

2. ☐ The mortgage servicer has exercised due diligence to contact the borrower pursuant to NRS 107.510 (5), to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

3. ☐ No contact was required by the mortgage servicer because the individual(s) did not meet the definition of "borrower" pursuant to NRS 107.410.

4. ☒ During the preceding annual reporting period, the Lender has foreclosed on 100 or fewer real properties located in this state and therefore, pursuant to NRS 107.460, the provisions of NRS 107.400 to 107.560, inclusive, do not apply.

5. ☐ The loan is not a "residential mortgage loan" as defined in NRS 107.450.

I certify that this declaration is accurate, complete and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Dated: __05/16/2019__

By: Ryan Boyle
Foreclosure Analyst

Page 1

| Loan No.:  0002208311 | TS No.:  19-57010 |
|---|---|

# NOTICE

# YOU ARE IN DANGER OF LOSING YOUR HOME!

Your home loan is being foreclosed.  In **not less than 60** days, your home may be sold and you may be forced to move.

## FOR HELP, CALL:

**State of Nevada Foreclosure Mediation Program**
Home Means Nevada, Inc
3300 West Sahara Avenue Suite 480
Las Vegas, NV 89102
Phone: (702) 486-8180
Fax: (702) 486-8181

**Consumer Credit Counseling**
2650 South Jones Boulevard
Las Vegas, Nevada 89146
Northern Nevada:  (775) 887-1442
Southern Nevada:  (702) 364-0344

**Nevada Attorney General**
Aaron Ford
100 North Carson Street
Carson City, NV 89701
Ph: (775) 684-1100

**State of Nevada Division of Mortgage Lending**
7220 Bermuda Rd., Suite A
Las Vegas, NV 89119
Ph: (702) 486-0780

**Nevada Financial Institutions Division**
2785 E. Desert Inn Rd., Suite 180
Las Vegas, NV 89121
Ph: (702) 486-4120

**Nevada Legal Services, Inc.**
530 S. Sixth Street
Las Vegas, NV 89101
Ph: (702) 386-0404

**Nevada Fair Housing Center:**
3380 W. Sahara, Suite 150
Las Vegas, NV 89102
Ph:  (702) 731-6095

**Your Loan Servicer/Lender:**
Franklin Credit Management Corporation
101 Hudson Street
25th Floor
Jersey City,NJ 07302
Ph: (800)255-5897

# BALLOON NOTE

Serv #: 11587680

NIETO
Loan #:
MIN: 100136300115876806

THIS LOAN IS PAYABLE IN FULL AT MATURITY. SINCE YOU HAVE SELECTED A PAYMENT
SCHEDULE WHICH WILL NOT PAY THE LOAN IN FULL BY THE MATURITY DATE, YOU WILL
NEED TO PAY A LUMP SUM, OR BALLOON PAYMENT, WHICH WILL PAY OFF THE ENTIRE
AMOUNT OF THE PRINCIPAL BALANCE OF THE LOAN AND ANY UNPAID INTEREST THEN DUE.
THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL
THEREFORE BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN,
OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN
WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY,
YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED
WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

June 22, 2006                    LAS VEGAS                    Nevada
*Date*                          *City*

6033 WATERMELON STREET NORTH LAS VEGAS, NV 89081

*Property Address*

This is to certify that this is a true
and correct copy of the original
NORTH AMERICAN TITLE COMPANY

By _____

I.     **BORROWER'S PROMISE TO PAY**
        In return for a loan that I have received, I promise to pay U.S. $  61,800.00      (this amount will be
called "principal"), plus interest, to the order of the lender.  The Lender is   WMC MORTGAGE CORP.

I understand that the Lender may transfer this Note.  The Lender or anyone who takes this Note by transfer and who
is entitled to receive payments under this Note will be called the "Note Holder."

2.     **INTEREST**
        I will pay interest at a yearly rate of  11.000      %.
        Interest will be charged on that part of principal which has not been paid.  Interest will be charged
beginning on the date of this Note and continuing until the full amount of principal has been paid.

3.     **PAYMENTS**
        I will pay principal and interest by making payments each month of U.S. $ 588.54
        I will make my payments on the  1st      day of each month beginning on  August 1, 2006
I will make these payments every month until I have paid all of the principal and interest and any other charges,
described below, that I may owe under this Note. If, on   July 1, 2021          , I still owe amounts under
this Note, I will pay all those amounts, in full, on that date.
        I will make my monthly payments at   4828 Loop Central Drive, Houston, TX
77081-2226                                                or at a different place if
required by the Note Holder.

4.     **BORROWER'S FAILURE TO PAY AS REQUIRED**
        (A)     **Late Charge for Overdue Payments**
        If the Note Holder has not received the full amount of any of my monthly payments by the end of  15
calendar days after the date it is due, I will pay a late charge to the Note Holder.  The amount    the charge will be
5.000      % of my overdue payment, but not less than U.S. $  N/A      and not more than U.S. $  N/A
I will pay this late charge only once on any late payment.
        (B)     **Notice From Note Holder**
        If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written
notice telling me that if I do not pay the overdue amount by a certain date I will be in default.  That date must be at
least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which
it is delivered to me.
        (C)     **Default**
        If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in
default.  If I am in default, the Note Holder may require me to pay immediately the full amount of principal which
has not been paid and all the interest that I owe on that amount.
        Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as
described above, the Note Holder will still have the right to do so if I am in default at a later time.

NEVADA – BALLOON SECOND MORTGAGE
DOCU0NS1                                    Page 1 of 3                                    Form 3929
WMCDBNS1.VTX  08/25/2005

**(D)    Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees.

**5.    THIS NOTE SECURED BY A DEED OF TRUST**

In addition to the protections given to the Note Holder under this Note, a Deed of Trust, dated **June 22, 2006**              , protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Deed of Trust describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

**6.    BORROWER'S PAYMENTS BEFORE THEY ARE DUE**

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment on only part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

**7.    BORROWER'S WAIVERS**

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest"). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

**8.    GIVING OF NOTICES**

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

9.    RESPONSIBILITY OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note.   Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things.  The Note Holder may enforce its rights under this Note against each of us individually or against all of us together.  This means that any one of us may be required to pay all of the amounts owed under this Note.  Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note.  Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Notice.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Alfonso Nieto_        6/23/06

- Borrower - ALFONSO NIETO - Date -

_[Sign Original Only]_

## ADDENDUM TO NOTE

### PREPAYMENT PENALTY - FIRST ( 24 ) MONTHS OF NOTE

Serv #:                                                                    Loan #:

     This addendum is made this 22nd   day of June, 2006    and is incorporated into and shall be deemed to amend and supplement the Note of the same date given by the undersigned (the "Borrower") to  WMC MORTGAGE CORP.

(the "Lender") covering the property described in the Security Instrument and located at:
6033 WATERMELON STREET NORTH LAS VEGAS, NV 89081

[Property Address]

     To the extent that the provisions of this Prepayment Note Addendum (the "Addendum") are inconsistent with the provisions of the Security Instrument and/or the Note, the provisions of this Addendum shall prevail over and shall supercede any such inconsistent provisions of the Security Instrument and/or the Note.

Section 6   of the Note is amended to read in its entirety as follows:

**BORROWER'S RIGHT TO PREPAY**

     I have the right to make payments of principal at any time before they are due. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

     Except as provided below, I may make a full or partial prepayment at any time. If I make any partial prepayment, I must still make each later payment as it becomes due and in the same amount. I may make a full prepayment at any time. However, if within the first Twenty-Four    months after the execution of the Note, I make any prepayment(s) within any 12-month period the total amount of which exceeds Twenty     percent ( 20.000 %) of the original principal amount of this loan, I will pay a prepayment charge in an amount equal to the payment of Six ( 6 ) months' advance interest on the amount by which the total of my prepayment(s) within that 12-month period exceeds Twenty     percent ( 20.000 %) of the original principal amount of the loan.

_Alfonso Nieto_   6/23/06
- Borrower - ALFONSO\NIETO - Date -

M(NP)2
MULTISTATE - Addendum to Note
DOCUA28
DOCUA28.VTX   11/21/2005

# EXHIBIT "C"

APN No.: 123-30-610-026

[Recording requested by:]

[When recorded mail to:]
**Sables LLC**
**c/o ZBS Law, LLP**
**9435 West Russell Road, Suite 120**
**Las Vegas, Nevada 89148**

T.S. No. 19-57010

---

# NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 6/22/2006.  UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.  IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described below. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated  to be set forth below. The amount may be greater on the day of sale.

  TRUSTOR: ALFONSO NIETO, A SINGLE MAN
Duly Appointed Trustee: Sables LLC, a Nevada Limited Liability Company
Recorded 6/28/2006, as Instrument No. 20060628-0004342, Official Records in the office of the Recorder of Clark County, Nevada, Described as follows:

**Lot Twenty-Six (26) of Final Map of Tropical / Walnut - Unit 1 (a Common Interest Community) as shown by Map thereof on file in Book 121 of Plats, Page 53, in the Office of the County Recorder, Clark County, Nevada.**

Date of Sale: 3/6/2020 at 10:00 AM
Place of Sale:          At the front entrance to the Nevada Legal News 930 South Fourth Street Las Vegas, Nevada 89101
Estimated Sale Amount: **$64,036.25**
Street Address or other common designation of real property:    **6033 WATERMELON STREET NORTH LAS VEGAS, Nevada 89081**

A.P.N. No.: 123-30-610-026

## NOTICE TO TENANTS OF THE PROPERTY

*Foreclosure proceedings against this property have started, and a notice of sale of the property to the highest bidder has been issued.*

*You may either: (1) terminate your lease or rental agreement and move out; or (2) remain and possibly be subject to eviction proceedings under chapter 40 of the Nevada Revised Statutes. Any subtenants may also be subject to eviction proceedings.*

*Between now and the date of the sale, you may be evicted if you fail to pay rent or live up to your other obligations to the landlord.*

*After the date of the sale, you may be evicted if you fail to pay rent or live up to your other obligations to the successful bidder, in accordance with chapter 118A of the Nevada Revised Statutes.*

*Under the Nevada Revised Statutes eviction proceedings may begin against you after you have been given a notice to surrender.*

*If the property is sold and you pay rent by the week or another period of time that is shorter than 1 month, you should generally receive notice after not less than the number of days in that period of time.*

*If the property is sold and you pay rent by the month or any other period of time that is 1 month or longer, you should generally receive notice at least 60 days in advance.*

*Under Nevada Revised Statutes 40.280, notice must generally be served on you pursuant to chapter 40 of the Nevada Revised Statutes.*

*If the property is sold and a landlord, successful bidder or subsequent purchaser files an eviction action against you in court, you will be served with a summons and complaint and have the opportunity to respond. Eviction actions may result in temporary evictions, permanent evictions, the awarding of damages pursuant to Nevada Revised Statutes 40.360 or some combination of those results.*

*Under the Justice Court Rules of Civil Procedure:*
*(1) You will be given at least 10 days to answer a summons and complaint;*
*(2) If you do not file an answer, an order evicting you by default may be obtained against you;*
*(3) A hearing regarding a temporary eviction may be called as soon as 11 days after you are served with the summons and complaint; and*
*(4) A hearing regarding a permanent eviction may be called as soon as 20 days after you are served with the summons and complaint.*

The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above. If no street address or common designation is shown, directions to the location of the property may be obtained by sending a request to the beneficiary within 10 days of the date of first publication of this Notice of Sale.

Date: 2/12/2020

Sables LLC, a Nevada Limited Liability Company
c/o ZBS Law, LLP
9435 West Russell Road
Las Vegas, NV 89148
Phone: (702) 948-8565
Sale Information: (714) 848-9272  www.elitepostandpub.com
For Non-Automated Sale Information, call:  (702) 664-1774

Michael Busby, Trustee Sale Officer

This office is enforcing a security interest of your creditor. To the extent that your obligation has been discharged by a bankruptcy court or is subject to an automatic stay of bankruptcy, this notice is for informational purposes only and does not constitute a demand for payment or any attempt to collect such obligation.

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of  CALIFORNIA
County of  ORANGE

On 2/12/2020, before me, Christine O'Brien Notary Public, personally appeared Michael Busby who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Christine O'Brien
Signature of Notary

CHRISTINE O'BRIEN
Notary Public - California
Orange County
Commission # 2167057
My Comm. Expires Oct 8, 2020

# EXHIBIT "D"

# THREE-DAY NOTICE TO QUIT FOLLOWING SALE
## (NRS 40.255)

TO: NIETO ALFONSO AND ALL OCCUPANTS
6033
*Occupant's Name(s)*

3306 WATERMELON STREET
*Address*

NORTH LAS VEGAS, NEVADA 89081
*City, State, Zip Code*

JUL 0 2 2020

Date of Service: _____

FROM: SANAM LIMITED C/O ANDREW PASTWICK
*Owner's Name*

1810 E. SAHARA AVENUE, SUITE 120
*Address*

LAS VEGAS, NEVADA 89104
*City, State, Zip Code*

(702) 866-9978
*Telephone Number*

APASTWICK@PASTWICKLAW.COM
*E-Mail Address*

**PLEASE TAKE NOTICE** that you are unlawfully in possession of the premises referenced above. The premises you occupy were purchased by the Owner, as evidenced by the Deed dated May 28, 2020 and attached to this notice, which was recorded with the Clark County Recorder as Document No. _____, on _____.

You are required to vacate the premises within three (3) judicial[1] days following the Date of Service of this notice. Your failure to vacate the premises may result in the Owner commencing eviction proceedings against you by serving you with a Summons and Complaint for Unlawful Detainer. If the court determines that you are guilty of an unlawful detainer, the court may issue an order for your removal or an order providing for your nonadmittance, directing the sheriff or constable to remove you. The court may also award a money judgment against you.

**IF THE PREMISES WERE SOLD AFTER FORECLOSURE AND YOU ARE A TENANT OR SUBTENANT OCCUPYING THE PREMISES, CONTACT THE OWNER IMMEDIATELY TO PROTECT YOUR RIGHTS.** Nevada law protects tenants following residential foreclosures and might entitle you to remain on the premises for 60 days. You may seek relief if the Owner unlawfully removes you from the premises, or excludes you by blocking or attempting to block your entry upon the premises, or willfully interrupts or causes or permits the interruption of an essential service required by the rental agreement or chapter 118A of the Nevada Revised Statutes.

**INFORMATION ABOUT YOUR RIGHTS AND RESPONSIBILITIES** can be obtained at the Civil Law Self-Help Center at the Regional Justice Center in downtown Las Vegas or on its website, www.CivilLawSelfHelpCenter.org.

## DECLARATION OF SERVICE UNDER PENALTY OF PERJURY

On *(insert date of service)* JUL 0 2 2020 , I served this notice in the following manner (check *only one*):

☐ By delivering a copy to the Occupant(s) personally, in the presence of a witness *(server, witness, and occupant must all sign Owner's copy of notice)*;

_____    _____    _____
*(Date)*                        *(Type or print name of witness)*              *(Signature of witness)*

_____
*(Occupant's signature)*

— OR —

☐ Because the Occupant(s) was absent from Occupant's place of residence or from Occupant's usual place of business, by leaving a copy with *(insert name)* _____, a person of suitable age and discretion, at either place AND mailing[2] a copy to the Occupant(s) at Occupant's place of residence or place of business;

— OR —

☑ Because Occupant's place of residence or business could not be ascertained, or a person of suitable age or discretion could not be found there, by posting a copy in a conspicuous place on the property, delivering a copy to a person there residing, if the person could be found, AND mailing[2] a copy to the Occupant(s) at the place where the property is situated.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

JUL 0 2 2020

_____    _____    _____
*(Date)*                        *(Type or print server's name)*              *(Server's signature)*

---

[1] Judicial days do not include the date of service, weekends, or certain legal holidays.

[2] If this manner of service is used, Owner must obtain a "certificate of mailing" issued by the United States Post Office per NRS 40.280(3).

(Rev. 2, 01-22-2015)

© 2015 –Civil Law Self-Help Center, Clark County, Nevada

# EXHIBIT "E"


Nevada Governor Steve Sisolak



## DECLARATION OF EMERGENCY DIRECTIVE 008

**WHEREAS,** on March 12, 2020, I, Steve Sisolak, Governor of the State of Nevada issued a Declaration of Emergency to facilitate the State's response to the COVID-19 pandemic; and

**WHEREAS,** on March 13, 2020, Donald J. Trump, President of the United States declared a nationwide emergency pursuant to Sec. 501(6) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. 5121-5207 (the "Stafford Act"); and

**WHEREAS,** the World Health Organization (WHO) and United States Centers for Disease Control and Prevention (CDC) have advised that there is a correlation between density of persons gathered and the risk of transmission of COVID-19; and

**WHEREAS,** as of March 29, 2020, the State of Nevada Department of Health and Human Services is reporting 738 positive cases of COVID-19, and 15 deaths resulting from COVID-19; and

**WHEREAS,** close proximity to other persons is currently contraindicated by public health and medical best practices to combat COVID-19; and

**WHEREAS,** NRS 414.060 outlines powers and duties delegated to the Governor during the existence of a state of emergency, including without limitation, directing and controlling the conduct of the general public and the movement and cessation of movement of pedestrians and vehicular traffic during, before and after exercises or an emergency or disaster, public meetings or gatherings; and

**WHEREAS,** NRS 414.070 outlines additional powers delegated to the Governor during the existence of a state of emergency, including without limitation, enforcing all laws and regulations relating to emergency management and assuming direct operational control of any or all forces, including, without limitation, volunteers and auxiliary staff for emergency management in the State; providing for and compelling the evacuation of all or part of the population from any stricken or threatened area or areas within the State and to take such steps as are necessary for the receipt and care of those persons; and performing and exercising such other functions, powers and duties as are necessary to promote and secure the safety and protection of the civilian population; and

**WHEREAS,** the Nevada Attorney General opined in Opinion Number 57-336 that "[t]here can be no question but that the Legislature intended to give to the Governor the broadest possible powers consistent with constitutional government in a time of dire emergency"; and

**WHEREAS,** I ordered a closure of nonessential businesses and Nevada's public and charter schools that, in addition to adverse economic conditions resulting from the COVID-19 pandemic, is negatively impacting financial stability of a significant number of individuals, families, and businesses statewide, hindering the ability of Nevadans and businesses to make timely mortgage or rent payments; and

**WHEREAS,** stability in housing is essential for all Nevadans to abide by social distancing recommendations that aid in containing the spread of COVID-19; and

**WHEREAS,** removal of Nevadans from their homes by foreclosure or eviction increases vulnerability to transmission of COVID-19, which in turn increases the general public health risk resulting from spread of COVID-19; and

**WHEREAS,** efforts to treat, prevent, or reduce the spread of COVID-19 may make it medically necessary and reasonable to require individuals to remain in isolation or quarantine at their homes or otherwise remain

indoors; and

**WHEREAS,** to avoid serious health, safety, welfare, and financial consequences that may result from the eviction, foreclosure or other removal of Nevadans and businesses from their homes or establishments during this emergency, it is reasonable and necessary to suspend eviction and foreclosure actions or proceedings related to residential and commercial real property in Nevada; and

**WHEREAS,** on March 18, 2020, the President of the United States announced the Department of Housing and Urban Development, in an effort to provide immediate relief to renters and homeowners, will temporarily suspend all foreclosures and evictions, and at least nine other states around the nation having taken similar actions as of March 25, 2020; and

**WHEREAS,** on March 25, 2020, the United States Congress passed an aid-package that is intended to provide substantial economic assistance to businesses, individuals, and families throughout the nation, and a temporary suspension of eviction and foreclosure actions or proceedings will give Nevadans and businesses facing financial hardship resulting from the COVID-19 pandemic a grace period to obtain financial assistance made available through this extensive aid-package, as well as others, while allowing them to maintain essential stability in housing and business establishments; and

**WHEREAS,** Article 5, Section 1 of the Nevada Constitution provides: "The supreme executive power of this State, shall be vested in a Chief Magistrate who shall be Governor of the State of Nevada;"

**NOW, THEREFORE,** by the authority vested in me as Governor by the Constitution and the laws of the State of Nevada and the United States, and pursuant to the March 12, 2020 Emergency Declaration,

| | |
|---|---|
| SECTION 1: | No lockout, notice to vacate, notice to pay or quit, eviction, foreclosure action, or other proceeding involving residential or commercial real estate based upon a tenant or mortgagee's default of any contractual obligations imposed by a rental agreement or mortgage may be initiated under any provision of Nevada law effective March 29, 2020, at 11:59 p.m., until the state of emergency under the March 12, 2020 Declaration of Emergency terminates, expires, or this Directive is rescinded by order of the Governor. This provision does not prohibit the eviction of persons who seriously endanger the public or other residents, engage in criminal activity, or cause significant damage to the property. |
| SECTION 2: | That an individual has tested positive for COVID-19 or has been potentially exposed to the novel coronavirus that causes COVID-19 does not serve as a basis for establishing that a tenant or resident seriously endangered the safety of others. |
| SECTION 3: | No provision contained in this Directive shall be construed as relieving any party of their contractual obligations to pay rent, make mortgage payments, or comply with any other obligations imposed on parties by a lease, rental agreement, or mortgage. Landlords and lenders, however, shall be prohibited from charging any late fees or penalties for any nonpayment under the terms of a lease, rental agreement, or mortgage that occurs between the date of this Directive and the termination or expiration of the March 12, 2020 Declaration of Emergency or the date on which this Directive is rescinded by order of the Governor. |
| SECTION 4: | No provision contained in this Directive shall be construed o prohibit the continuation of any eviction or foreclosure action or proceeding predating the March 12, 2020 Declaration of Emergency. |
| SECTION 5: | Eviction of foreclosure actions currently being adjudicated by a court shall be stayed until the state of emergency declared on March 12, 2020 terminates or expires. This limitation shall not include current eviction or foreclosure proceedings stemming from threats by a tenant or resident to public health or safety, criminal activity, or significant damage to the property. |
| SECTION 6: | To the extent any agencies providing rental assistance to tenants in Nevada ordinarily require the tenant to provide a seven-day eviction notice issued under NRS 40.253(1) as a prerequisite to obtaining rental assistance, a landlord's or property manager's written notice of nonpayment of rent establishing the delinquency in payment shall be considered as a substitute for the notice of eviction in determining an individual's eligibility for rental assistance while this Directive remains in effect. |
| | After the termination or expiration of the March 12, 2020 Declaration of Emergency relating to the COVID-19 pandemic, and abatement of the financial hardships created |

| SECTION 7: | by the COVID-19 pandemic, borrowers, lenders, tenants, and landlords are encouraged to negotiate payment plans or other agreements within 30 days of the termination of this Directive to allow borrowers and tenants to cure any defaults or missed payments resulting from a financial hardship resulting from the COVID-19 pandemic. |
| SECTION 8: | This Directive shall remain in effect until the state of emergency declared on March 12, 2020 is terminated or unless renewed by a subsequent Directive promulgated pursuant to the March 12, 2020 Declaration of Emergency to facilitate the State's response to the COVID-19 pandemic. |

2020-03-29 Declaration of Emergency Directive 008 re: Evictions - it is hereby ordered that:



IN WITNESS WHEREOF, I have hereunto set my hand and caused the Great Seal of the State of Nevada to be affixed at the State Capitol in Carson City, this 29th day of March, in the year two thousand twenty.

_____
Governor of the State of Nevada

_____
Secretary of State

_____
Deputy Secretary of State

Governor Sisolak, Attorney General Ford, State Treasurer Conine Announce Housing Stability Measures Amid COVID-19 Health Crisis
Understanding Governor Sisolak's Directive for the Moratorium on Evictions
Gobernador Sisolak Directiva 008 Desalojos de Viviendas
Mortgage Assistance During COVID-19 Outbreak
Eviction Relief for Nevadans Flyer

**Executive**
Governor
Lt. Governor
Secretary of State
Attorney General
State Treasurer
State Controller

**Legislature**
Legislature Website
NELIS
Legislature Meetings
Find Your Legislator
Nevada State Senate
Nevada State Assembly

**Alerts**
Amber Alerts
Consumer Affairs
Weather Alerts
211- Service Information
511 - Road Conditions
911 - Emergency Help

Select Language | ▼



The Official State of Nevada Website | Copyright ©2019 State of Nevada - All Rights Reserved | Privacy Policy
| ADA Technology Accessibility Guidelines | | Web Style Standards | | ADA Assistance | State ADA Website

Version 3.0.007

# EXHIBIT "F"


Nevada Governor Steve Sisolak



## DECLARATION OF EMERGENCY DIRECTIVE 025

**WHEREAS,** on March 12, 2020, I, Steve Sisolak, Governor of the State of Nevada, issued a Declaration of Emergency to facilitate the State's response to the COVID-19 pandemic; and

**WHEREAS,** on March 13, 2020, Donald J. Trump, President of the United States, declared a nationwide emergency pursuant to Sec. 501(6) of the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. 5121-5207 (the "Stafford Act"); and

**WHEREAS,** the World Health Organization (WHO) and United States Centers for Disease Control and Prevention (CDC) have advised that there is a correlation between density of persons gathered and the risk of transmission of COVID-19; and

*WHEREAS, close proximity to other persons is currently contraindicated by public health and medical best practices to combat COVID-19; and*

**WHEREAS,** NRS 414.060 outlines powers and duties delegated to the Governor during the existence of a state of emergency, including without limitation, directing and controlling the conduct of the general public and the movement and cessation of movement of pedestrians and vehicular traffic during, before and after exercises or an emergency or disaster, public meetings or gatherings; and

**WHEREAS,** NRS 414.070 outlines additional powers delegated to the Governor during the existence of a state of emergency, including without limitation, enforcing all laws and regulations relating to emergency management and assuming direct operational control of any or all forces, including, without limitation, volunteers and auxiliary staff for emergency management in the State; providing for and compelling the evacuation of all or part of the population from any stricken or threatened area or areas within the State and to take such steps as are necessary for the receipt and care of those persons; and performing and exercising such other functions, powers and duties as are necessary to promote and secure the safety and protection of the civilian population; and

**WHEREAS,** the Nevada Attorney General opined in Opinion Number 57-336 that "[t]here can be no question but that the Legislature intended to give to the Governor the broadest possible powers consistent with constitutional government in a time of dire emergency"; and

**WHEREAS,** I ordered a closure of nonessential businesses and Nevada's public and charter schools that, in addition to adverse economic conditions resulting from the COVID-19 pandemic, is negatively impacting financial stability of a significant number of individuals, families, and businesses statewide, hindering the ability of Nevadans and businesses to make timely mortgage or rent payments; and

**WHEREAS,** stability in housing is essential for all Nevadans to abide by social distancing recommendations that aid in containing the spread of COVID-19; and

**WHEREAS,** removal of Nevadans from their homes by foreclosure or eviction increases vulnerability to transmission of COVID-19, which in turn increases the general public health risk resulting from spread of COVID- 19; and

**WHEREAS,** efforts to treat, prevent, or reduce the spread of COVID-19 may make it medically necessary and reasonable to require individuals to remain in isolation or quarantine at their homes or otherwise remain reasonable to require individuals to remain in isolation or quarantine at their homes or otherwise remain indoors; and

1/6

**WHEREAS,** to avoid serious health, safety, welfare, and financial consequences that may result from the eviction, foreclosure or other removal of Nevadans and businesses from their homes or establishments during this emergency, it is reasonable and necessary to suspend eviction and foreclosure actions or proceedings related to residential and commercial real property in Nevada; and

**WHEREAS,** on March 18, 2020, the President of the United States announced the Department of Housing and Urban Development, in an effort to provide immediate relief to renters and homeowners, will temporarily suspend all foreclosures and evictions, and at least nine other states around the nation having taken similar actions as of March 25,2020; and

**WHEREAS,** on March 25, 2020, the United States Congress passed an aid-package that is intended to provide substantial economic assistance to businesses, individuals, and families throughout the nation, and a temporary suspension of eviction and foreclosure actions or proceedings will give Nevadans and businesses facing financial hardship resulting from the COVID-19 pandemic a grace period to obtain financial assistance made available through this extensive aid-package, as well as others, while allowing them to maintain essential stability in housing and business establishments; and

**WHEREAS,** On March 29, 2020, I entered Directive 008, to ensure the safety of Nevadans and businesses; and

**WHEREAS,** On May 28, 2020, to ensure the safety of Nevadans, I continued lifting the restrictions for an orderly opening of the State through phases; and

**WHEREAS,** many tenants in Nevada have been directly or indirectly impacted by the economic impact of the COVID-19 pandemic, and as a result, those tenants and lenders have been unable to stay current on rental or mortgage payments for their homes and/ or businesses; and

**WHEREAS,** many landlords have been directly or indirectly impacted by the economic fallout of the COVID-19 pandemic, and as a result, those landlords have been unable to collect rental or mortgage payments on residential and commercial properties; and

**WHEREAS,** keeping tenants in their homes and ensuring landlords receive payment for delinquent rental amounts are equally important goals; and

**WHEREAS,** tools like the Lease Addendum and Promissory Note for Rental Arrearages Due to COVID-19 ("Lease Addendum/Promissory Note") provide a means for residential landlords and tenants directly or indirectly impacted by the economic impact of COVID-19 pandemic to resolve payment defaults without court action; and

**WHEREAS,** entering into voluntary repayment agreements without legal action will provides a means of satisfaction of debts without overburdening and overwhelming the Nevada judicial system; and

**WHEREAS,** Article 5, Section 1 of the Nevada Constitution provides: "The supreme executive power of this State, shall be vested in a Chief Magistrate who shall be Governor of the State of Nevada;"

**NOW, THEREFORE,** by the authority vested in me as Governor by the Constitution and the laws of the State of Nevada and the United States, and pursuant to the March 12, 2020 Emergency Declaration,

IT IS HEREBY ORDERED THAT:

| | |
|---|---|
| SECTION 1: | All residential landlords as defined by NRS 118A.100, and tenants are strongly encouraged to use the attached form Lease Addendum/Promissory Note for Rental Arrearages Due to COVID-19, to cure rental payment defaults of the original lease agreement, whether written or oral, as contemplated by Section 7 of Directive 008. Entering into this Lease Addendum/Promissory Note is voluntary. Negotiated payment amounts should be made in good faith, be reasonable under the totality of the circumstances, and consider the tenant's ability to pay. For the purposes of this section, the term "residential landlords" shall include property managers. |
| SECTION 2: | All landlords of manufactured home lots, as defined by NRS 118B.014, and tenants are also strongly encouraged to enter into a voluntary repayment agreement for defaults in rental payments related to COVID-19. Negotiated payment amounts should be made in good faith, be reasonable under the totality of the circumstances, and consider the tenant's ability to pay. For the purposes of this section, the term "landlords" shall include property managers. |
| SECTION 3: | All commercial landlords, as defined by NRS 118C.060, and tenants are also strongly encouraged to enter into a voluntary repayment agreement for defaults in rental payments related to COVID-19. For the purposes of this section, the term "commercial |

landlord[s] shall include property managers"

| | |
|---|---|
| SECTION 4: | Where landlords and tenants have entered into a repayment agreement as encouraged by Sections 1, 2, or 3 of this Directive, such landlords shall cease any eviction proceeding for nonpayment of rent initiated prior to entering into such repayment agreement and/or dismiss any summary eviction complaint for nonpayment of rent filed prior to entering into such repayment agreement. |
| SECTION 5: | Section 1 of Directive 008, is hereby amended to authorize limited residential summary eviction actions, as follows:<br>All summary eviction notices to vacate served prior to March 30, 2020, in which a tenant has not filed an answering affidavit, shall be deemed stale and void. All summary eviction notices that were served from March 30, 2020 to the effective date of this Directive in violation of Directive 008 shall be deemed void. To ensure reasonable notice and an opportunity to respond, all stale and/or void notices to vacate must be re-served in accordance with NRS 40.280.<br>The following summary eviction actions may be initiated or re-initiated with new service, effective July 31, 2020 at 11:59pm.<br>1. Summary eviction actions based on continued possession after the expiration of the lease term, pursuant to NRS 40.250. This is not intended to be used as a subterfuge for a nonpayment of rent basis and courts should be wary of such abuse of this authorization.<br>2. Summary eviction actions for a tenant at will, pursuant to NRS 40.251(1)(a)(3). This is not intended to be used as a subterfuge for a nonpayment of rent basis and courts should be wary of such abuse of this authorization.<br>3. Summary eviction actions based on assignment or subletting contrary to lease; waste; unlawful business; nuisance; and violations of controlled substance laws, pursuant to NRS 40.2514.<br>4. Summary eviction actions based on tenant's failure to perform a lease condition or covenant, pursuant to NRS 40.2516. This is not intended to include failure to pay rental arrearages that have not been resolved by the use of the encouraged Lease Addendum/Promissory Note set forth in Section 1. However, it is intended to include defaults in negotiated payments that have been resolved by the use of the encouraged Lease Addendum/Promissory Note as set forth in Section 1. |
| SECTION 6: | Section 3 of Directive 008, which prohibits residential landlords from charging any late fees or penalties for any nonpayment under the terms of a lease or rental agreement, will terminate on August 31, 2020 at 11:59pm for prospective late rental payments only. This shall not be retroactively applied to late rental payments from March 30, 2020 to August 31, 2020. |
| SECTION 7: | Section 5 of Directive 008, which stays residential summary eviction actions currently being adjudicated by a court is hereby amended to allow the court to proceed with a summary eviction hearing under the following timeline. "Actions currently being adjudicated by a court" is intended to include all summary evictions actions in which the tenant has filed an answering affidavit.<br>The following summary eviction actions currently being adjudicated by a court may proceed, effective July 31, 2020 at 11:59pm:<br>1. Summary eviction actions based on continued possession after the expiration of the lease term, pursuant to NRS 40.250.<br>2. Summary eviction actions for a tenant at will, pursuant to NRS 40.251(1)(a)(3).<br>3. Summary eviction actions based on assignment or subletting contrary to lease; waste; unlawful business; nuisance; and violations of controlled substance laws, pursuant to NRS 40.2514.<br>4. Summary eviction actions based on tenant's failure to perform a lease condition or covenant, pursuant to NRS 40.2516.<br><br>The following summary eviction actions currently being adjudicated by a court may proceed, effective August 31, 2020 at 11:59pm:<br>1. Residential summary evictions actions based upon no cause pursuant to NRS 40.251.<br>2. Residential summary eviction actions based upon nonpayment of rent pursuant to NRS 40.253. |
| SECTION 8: | Section 1 of Directive 008, which stays all lockouts, is hereby amended to authorize landlords of commercial premises to proceed as authorized by NRS 118C.200, effective June 30, 2020 at 11:59pm.<br><br>Section 1 of Directive 008, which prohibits a commercial landlord from issuing a notice to vacate, notice to pay or quit, or initiating eviction proceedings, or a commercial |

| | |
|---|---|
| SECTION 9: | lender from commencing foreclosure proceedings is hereby amended as follows:<br>1. All summary eviction notices to pay or quit pursuant to NRS 40.2542 served prior to March 30, 2020, in which a tenant has not filed an answering affidavit, are deemed stale and void. All summary eviction notices to pay or quit pursuant to NRS 40.2542 that were served from March 30, 2020 to the effective date of this Directive in violation of Directive 008 are deemed void. To ensure reasonable notice and an opportunity to respond, all stale and/or void notices to vacate must be re-served in accordance with NRS 40.280.<br>2. Landlords of commercial premises may initiate or reinitiate summary eviction notices to pay or quit pursuant to NRS 40.2542, effective June 30, 2020 at 11 :59pm.<br>3. Landlords of commercial premises may initiate unlawful detainer actions pursuant to NRS 40.290-40.420, inclusive, effective June 30, 2020 at 11:59pm.<br>4. Commercial lenders may commence foreclosure proceedings effective June 30, 2020 at 11:59pm. |
| SECTION 10: | Section 3 of Directive 008, which prohibits commercial landlords or lenders from charging any late fees or penalties for any nonpayment under the terms of a lease or rental agreement or mortgage, is hereby terminated effective June 30, 2020 at 11 :59pm for prospective late rental payments only. This shall not be retroactively applied to late rental payments from March 30, 2020 to June 30, 2020. |
| SECTION 11: | Section 5 of Directive 008, which stayed commercial eviction actions or commercial foreclosure actions currently being adjudicated by a court is hereby amended to allow the court to proceed with a summary eviction hearing, order to show cause hearing seeking a temporary writ of restitution, or unlawful detainer trial, as applicable, under the following timeline. "Actions currently being adjudicated by a court" is intended to include all commercial summary evictions actions in which the tenant has filed an answering affidavit and all commercial unlawful detainer actions brought pursuant to NRS 40.290 to 40.420, inclusive, in which a complaint was filed prior to March 30, 2020.<br>1. Commercial summary eviction actions currently being adjudicated by a court based upon nonpayment of rent pursuant to NRS 40.2542 may proceed, effective June 30, 2020 at 11:59pm.<br>2. Commercial unlawful detainer actions currently being adjudicated by a court may proceed, effective June 30, 2020 at 11 :59pm.<br>3. Commercial foreclosure actions current being adjudicated by a court may proceed effective June 30, 2020 at 11:59pm. |
| SECTION 12: | Section 1 of Directive 008, is hereby amended to authorize unlawful detainer actions for other than commercial tenancies, as follows:<br>For all unlawful detainer actions brought pursuant to NRS 40.290 to 40.420, inclusive, in which the complaint was not filed prior to March 30, 2020, previously served notices to vacate or terminate lease agreements are deemed stale and void. All notices to vacate or terminate lease agreements served between March 30, 2020 and the effective date of this Directive in violation of Directive 008 shall be deemed void. To ensure reasonable notice and an opportunity to respond, all stale and/or void notices must be re-served in accordance with NRS 40.280.<br>The following unlawful detainer actions may be initiated or re-initiated with new service, effective June 30, 2020 at 11:59pm:<br>1. Unlawful detainer actions seeking termination of a rental or lease agreement for a manufactured home lot in a manufactured home park based on grounds set forth in NRS 118B.200(1)(b)-(g).<br>2. Unlawful detainer actions for possession pursuant to NRS 40.255(1)-(4).<br><br>The following unlawful detainer actions may be initiated or re-initiated with new service, effective July 31, 2020 at 11:59pm:<br>1. Unlawful detainer actions seeking termination of a rental or lease agreement for a manufactured home lot in a manufactured home park based on grounds set forth in NRS 118B.200(1)(a).<br>2. Unlawful detainer actions seeking possession of the premises or damages pursuant to NRS 40.250, NRS 40.251(1)(a)(3), NRS 40.2514 and NRS 40.2516. |
| | Section 3 of Directive 008, which prohibits manufactured home park landlords from charging any late fees or penalties for any nonpayment under the terms of a lease or |

| | |
|---|---|
| SECTION 13: | rental agreement, will terminate on July 31, 2020 at 11:59pm for prospective late rental payments only. This must not be retroactively applied to late rental payments from March 30, 2020 to July 31, 2020. |
| SECTION 14: | Section 5 of Directive 008, which stays unlawful detainer actions for other than commercial tenancies currently being adjudicated by a court is hereby amended to allow the court to proceed with an order to show cause hearing seeking a temporary writ of restitution or unlawful detainer trial, as applicable, under the following timeline. "Actions currently being adjudicated by a court" is intended to include all unlawful detainer actions brought pursuant to NRS 40.290 to 40.420, inclusive, in which a complaint was filed prior to March 30, 2020.<br><br>The following unlawful detainer actions currently being adjudicated by a court may proceed, effective June 30, 2020 at 11:59pm:<br>1. Unlawful detainer actions for possession pursuant to NRS 40.255(1)-(4).<br>2. Unlawful detainer actions seeking termination of a rental or lease agreement for a manufactured home lot in a manufactured home park based on grounds set forth in NRS 118B.200(1)(b)-(g).<br><br>The following unlawful detainer actions currently being adjudicated by a court may proceed, effective July 31, 2020 at 11:59pm:<br>1. Unlawful detainer actions seeking termination of a rental or lease agreement for a manufactured home lot in a manufactured home park based on grounds set forth in NRS 118B.200(1)(a).<br>2. Unlawful detainer actions seeking possession of the premises or damages pursuant to NRS 40.250, NRS 40.251(1)(a)(3), NRS 40.2514 and NRS 40.2516. |
| SECTION 15: | Section 1 of Directive 008, which prohibits lockouts, is hereby further amended to terminate any moratorium on actions authorized by places of public accommodations pursuant to Chapter 651 of the Nevada Revised Statutes, effective the date this Directive is signed. An owner or keeper of any hotel, inn, motel, motor court, boardinghouse or lodging house and their occupants are also strongly encouraged to enter into a repayment agreement for defaults in payments related to COVID-19. Negotiated payment amounts should be made in good faith, be reasonable under the totality of the circumstances, and consider the occupant's ability to pay. |
| SECTION 16: | Should any section of this Directive, or Directive 008 conflict with any provision of the CARES Act, the provisions CARES Act shall prevail. |
| SECTION 17: | A violation of Directive 008 or the provisions of this Directive constitute the use of coercion, duress, or intimidation in a transaction pursuant to NRS 598.0923(4). |
| SECTION 18: | This Directive and Directive 008, except as modified by Sections 5-15, shall remain in effect until August 31, 2020 at 11:59pm, at which time this Directive and all remaining provisions of Directive 008 shall terminate. |

Declaration of Emergency Directive 025 Hereby Orders



IN WITNESS WHEREOF, I have hereunto set my hand and caused the Great Seal of the State of Nevada to be affixed at the State Capitol in Carson City, this day of , in the year two thousand .

Guidance for Tenants under Directive 025 – FAQs
Guidance for Landlords and Tenants – General FAQs
Guidance for Landlords under Directive 025 – FAQs
Lease Addendum and Promissory Note for Rental Arrearages Due to COVID-19
Guidance for Commercial Properties under Directive 025 – FAQs
Directive 025 Reference Chart

**Executive**

Governor

Lt. Governor

Secretary of State

Attorney General

State Treasurer

State Controller

**Legislature**

Legislature Website

NELIS

Legislature Meetings

Find Your Legislator

Nevada State Senate

Nevada State Assembly

**Alerts**

Amber Alerts

Consumer Affairs

Weather Alerts

211- Service Information

511 - Road Conditions

911 - Emergency Help

Select Language ▼



Has Met
Section 508
WCAG 2.0
ADA
Compliance

The Official State of Nevada Website | Copyright ©2019 State of Nevada - All Rights Reserved | Privacy Policy
| ADA Technology Accessibility Guidelines | | Web Style Standards | | ADA Assistance | State ADA Website
Version 3.0.007

# EXHIBIT "G"

# THREE-DAY NOTICE TO QUIT FOLLOWING SALE
## (NRS 40.255)

TO: Alfonso Nieto and all occupants
_____
*Occupant's Name(s)*

6033 Watermelon Street
_____
*Address*

North Las Vegas, Nevada 89081
_____
*City, State, Zip Code*

Date of Service: **August 10, 2020**

FROM: Sanam Limited c/o Andrew Pastwick
_____
*Owner's Name*

1810 E. Sahara Avenue, Suite 120
_____
*Address*

Las Vegas, Nevada 89104
_____
*City, State, Zip Code*

(702) 866-9978
_____
*Telephone Number*

apastwick@pastwicklaw.com
_____
*E-Mail Address*

**PLEASE TAKE NOTICE** that you are unlawfully in possession of the premises referenced above. The premises you occupy were purchased by the Owner, as evidenced by the Deed dated 5/28/20 _____ and attached to this notice, which was recorded with the Clark County Recorder as Document No. 20200722-0001500 _____, on 7/22/20 _____.

You are required to vacate the premises within three (3) judicial[1] days following the Date of Service of this notice. Your failure to vacate the premises may result in the Owner commencing eviction proceedings against you by serving you with a Summons and Complaint for Unlawful Detainer. If the court determines that you are guilty of an unlawful detainer, the court may issue an order for your removal or an order providing for your nonadmittance, directing the sheriff or constable to remove you. The court may also award a money judgment against you.

**IF THE PREMISES WERE SOLD AFTER FORECLOSURE AND YOU ARE A TENANT OR SUBTENANT OCCUPYING THE PREMISES, CONTACT THE OWNER IMMEDIATELY TO PROTECT YOUR RIGHTS.** Nevada law protects tenants following residential foreclosures and might entitle you to remain on the premises for 60 days. You may seek relief if the Owner unlawfully removes you from the premises, or excludes you by blocking or attempting to block your entry upon the premises, or willfully interrupts or causes or permits the interruption of an essential service required by the rental agreement or chapter 118A of the Nevada Revised Statutes.

**INFORMATION ABOUT YOUR RIGHTS AND RESPONSIBILITIES can be obtained at the Civil Law Self-Help Center at the Regional Justice Center in downtown Las Vegas or on its website, www.CivilLawSelfHelpCenter.org.**

## DECLARATION OF SERVICE UNDER PENALTY OF PERJURY

On *(insert date of service)* **August 10, 2020** _____, I served this notice in the following manner (check *only* one):

☐ By delivering a copy to the Occupant(s) personally, in the presence of a witness *(server, witness, and occupant must all sign Owner's copy of notice)*;

_____    _____    _____
*(Date)*                   *(Type or print name of witness)*    *(Signature of witness)*

_____
*(Occupant's signature)*

— **OR** —

☐ Because the Occupant(s) was absent from Occupant's place of residence or from Occupant's usual place of business, by leaving a copy with *(insert name)* _____, a person of suitable age and discretion, at either place AND mailing[2] a copy to the Occupant(s) at Occupant's place of residence or place of business;

— **OR** —

☒ Because Occupant's place of residence or business could not be ascertained, or a person of suitable age or discretion could not be found there, by posting a copy in a conspicuous place on the property, delivering a copy to a person there residing, if the person could be found, AND mailing[2] a copy to the Occupant(s) at the place where the property is situated.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

_____    _____    _____
*(Date)*                   *(Type or print server's name)*    *(Server's signature)*

[1] Judicial days do not include the date of service, weekends, or certain legal holidays.

[2] If this manner of service is used, Owner must obtain a "certificate of mailing" issued by the United States Post Office per NRS 40.280(3).

(Rev. 2, 01-22-2015)

© 2015 –Civil Law Self-Help Center, Clark County, Nevada

Inst #: 20200722-0001500
Fees: $42.00
RPTT: $204.00  Ex #:
07/22/2020 11:55:56 AM
Receipt #: 4143820
Requestor:
Equity Title of Nevada
Recorded By: DECHO   Pgs: 3
Debbie Conway
CLARK COUNTY RECORDER
Src: ERECORD
Ofc: ERECORD

A.P.N.: 123-30-610-026

RECORDING REQUESTED BY:
SABLES, LLC, a Nevada limited liability company

AND WHEN RECORDED TO:
SANAM LIMITED
1714 Talon Ave, #700
Henderson, NV 89074

Forward Tax Statements to address:
Same as above
Escrow # 20-TTG-5998

T.S. # 19-57010
Order #: 19-286654

SPACE ABOVE LINE FOR RECORDER'S USE

## TRUSTEE'S DEED UPON SALE

Transfer Tax: $ 204.00
The Grantee Herein **WAS NOT** the Foreclosing Beneficiary.
The Amount of the Unpaid Debt was $67,215.74
The Amount Paid by the Grantee was $40,000.00
Said Property is in the City of **NORTH LAS VEGAS**, County of Clark

**SABLES, LLC, a Nevada limited liability company**, as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby **GRANT** and **CONVEY** to

## SANAM LIMITED

(herein called Grantee) but without covenant or warranty, expressed or implied, all rights, title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of Clark, State of Nevada, described as follows:

**Lot Twenty-Six (26) of Final Map of Tropical / Walnut - Unit 1 (a Common Interest Community) as shown by Map thereof on file in Book 121 of Plats, Page 53, in the Office of the County Recorder, Clark County, Nevada.**

6033 WATERMELON STREET
NORTH LAS VEGAS, Nevada 89081

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by **ALFONSO NIETO, A SINGLE MAN** as Trustor, dated 6/22/2006 of the Official Records in the office of the Recorder of Clark, Nevada under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed Trustee, default having occurred under the Deed of Trust pursuant to the Notice of Breach and Election to Sell under the Deed of Trust recorded on  6/28/2006, as Instrument No. 20060628-0004342, of official records.

Recorded as Accommodation Only
By the request of Equity Title of Nevada

## TRUSTEE'S DEED UPON SALE

T.S. #: 19-57010
Order #: 19-286654

Trustee having complied with all applicable statutory requirements of the State of Nevada and performed all duties required by the Deed of Trust including sending a Notice of Breach and Election to Sell within ten days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified return receipt mail, postage pre-paid to each person entitled to notice in compliance with Nevada Revised Statutes 107.080.

All requirements per Nevada Statutes regarding the mailing, personal delivery and publication of copies of Notice of Default and Election to Sell under Deed of Trust and Notice of Trustee's Sale, and the posting of copies of Notice of Trustee's Sale have been complied with Trustee, in compliance with said Notice of Trustee's sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on 5/21/2020. Grantee, being the highest bidder at said sale became the purchaser of said property for the amount bid, being $ $40,000.00, in lawful money of the United States, in pro per, receipt there of is hereby acknowledged in full/partial satisfaction of the debt secured by said Deed of Trust.

In witness thereof, SABLES, LLC, a Nevada limited liability company, as Trustee, has this day, caused its name to be hereunto affixed.

Date: 5/28/2020

SABLES, LLC, a Nevada limited liability company

Julio Ceja, Trustee Sale Officer

Julio Ceja

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of CALIFORNIA
County of ORANGE

On 5/28/2020 before me, the undersigned, Tara Buckelew Notary Public, personally appeared Julio Ceja who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)
          Tara Buckelew

TARA BUCKELEW
COMM. #2313292
Notary Public - California
Orange County
My Comm. Expires Nov. 22, 2023

# EXHIBIT "H"

# ENTITY INFORMATION

## ENTITY INFORMATION

**Entity Name:**

SANAM LIMITED

**Entity Number:**

E6777382020-6

**Entity Type:**

Domestic Limited-Liability Company (86)

**Entity Status:**

Active

**Formation Date:**

05/21/2020

**NV Business ID:**

NV20201787136

**Termination Date:**

Perpetual

**Annual Report Due Date:**

5/31/2021

**Series LLC:**

☒

**Restricted LLC:**

☐

## REGISTERED AGENT INFORMATION

**Name of Individual or Legal Entity:**

**Status:**

Active

**CRA Agent Entity Type:**

**Registered Agent Type:**

Represented Entity

**NV Business ID:**

**Office or Position:**

Registered Agent

**Jurisdiction:**

**Street Address:**

2218 Buccaneer Boulevard, Henderson, NV, 89074, USA

**Mailing Address:**

**Individual with Authority to Act:**

**Fictitious Website or Domain Name:**

---

**OFFICER INFORMATION**

☐ **VIEW HISTORICAL DATA**

| Title | Name | Address | Last Updated | Status |
|-------|------|---------|--------------|--------|
| Manager | Sanam Management Trust | 2340 Paseo Del Prado, Building D Suite 305, Las Vegas, NV, 89102, USA | 05/21/2020 | Active |

Page 1 of 1, records 1 to 1 of 1

Filing History          Name History          Mergers/Conversions